PEARL LAWYER v. STATE.

No. A-1074. Opinion Filed May 25, 1912.

(123 Pac. 850.)

1. APPEAL—Sufficiency of Evidence. The credibility of witnesses and the weight or value to be given to their testimony is a question solely for the jury's determination; and, to reverse a judgment for the reason that the verdict is contrary to the evidence, this court must find, as a matter of law, that the evidence is insufficient to warrant the conviction.

2. APPEAL—Questions of Fact. It is the policy of the law in this jurisdiction to permit questions of fact to be determined solely by the jury; and when the people, by their legislative bodies, have enacted provisions looking to this end, it is the duty of the courts to carefully observe them.

3.    APPEAL—Review. When there are grounds to justify the con-
clusion that the jury has erred in its judgment on the facts, this
court will look carefully to the record for errors of law sufficient
to justify a reversal.

4.    APPEAL—Sufficiency of Evidence. It is the duty of the trial
judge, under the law, to set aside a verdict of conviction which
is against the weight and credibility of the evidence, when, in
his judgment, justice so demands. When the trial court, who has
seen the witnesses and heard them testify, puts the stamp of ap-
proval on the verdict of a jury, it comes to this court, not upon
the proposition that the verdict is against the weight and cred-
ibility of the evidence, but upon the proposition that it is contrary
to the evidence. And when there is any competent evidence tend-
ing reasonably to support a conviction the finding of the jury,
approved by the trial court, will not be disturbed.

(Syllabus by the Court.)

*Appeal from District Court, Kingfisher County;*
*A. H. Huston, Judge.*

Pearl Lawyer was convicted of larceny, and appeals. Af-
firmed.

*Bradley & Bradley,* for plaintiff in error.

*Smith C. Matson* and *E. G. Spilman,* Asst. Attys. Gen., for
the State.

ARMSTRONG, J. The plaintiff in error, Pearl Lawyer,
was convicted at the September, 1910, term of the Kingfisher
district court on a charge of larceny of a calf, and his punishment
fixed at imprisonment in the state penitentiary for a term of one
year.

The only question presented by this appeal, worthy of consid-
eration, is the sufficiency of the evidence.

The proof on behalf of the state is not as strong as it could
have been, although the incriminating facts are sufficient to sup-
port a conviction. The principal witness for the state, who was
a near neighbor of the accused, and who had been subpoenaed,
was conspicuous by his absence from the trial. There are enough
circumstances disclosed by the record to indicate that he gave
damaging testimony at the hearing before the examining magis-
trate. The calf stolen was about a month old, and belonged to

Joe Grimes, a farmer, who lived near Kingfisher, and was found
15 miles away, and across the Canadian river, at the home of the
accused, with his cattle.  At the time the owner found it, the ac-
cused would neither deny nor affirm that he had any connection
with it; but at the trial denied that he knew anything whatever
about it.  It is shown that he was in town in a wagon about the
time the calf disappeared, and hauled some animal home.  A num-
ber of witnesses testified for him that it was a yellow dog he had
in the wagon; but the jury evidently believed that it was the calf
in question.  The proof also shows that he had been convicted of
larceny theretofore.

Unless the verdict is *contrary* to the evidence, this court will
not undertake to disturb the finding of the jury on questions
of fact.  It is the policy of the law in this jurisdiction to permit
questions of fact to be determined by the jury solely; and when
the people, by their legislative bodies, have enacted provisions
looking to this end, it is the duty of the courts to carefully observe
them.

Where there are grounds to justify the conclusion that the
jury has erred in its judgment upon the facts, the court should,
and this court does, look carefully to the record for errors of
law sufficient to justify a reversal.  But the record in this case
fails to disclose prejudicial error of this character.  The verdict
of the jury comes to this court with the approval of the trial
court, who saw and observed the witnesses, and who was fa-
miliar with many circumstances of the trial which the written
record never discloses.  For this reason, it is the duty of the trial
judge, under the law, to set aside a verdict which is against the
weight and credibility of the testimony, when, in his judgment,
justice so demands.  But when the trial court puts the stamp of
approval on the verdict of the jury, it comes to this court, not
upon the proposition of the insufficiency of the testimony, nor
that the verdict is against the weight of the evidence, but upon
the proposition that the verdict is contrary to the evidence.

When there is any competent evidence tending reasonably
to support the verdict of a jury, this court will not disturb such

verdict on appeal; and it is useless for counsel to argue in this court that the verdict is not supported by the weight of the evidence, when there are no errors of law. We occasionally reverse a conviction on the grounds that there is no evidence to support the verdict of the jury; in other words, that the verdict is contrary to the evidence. But it is only in cases where this condition is clearly disclosed by the record.

Other questions raised have been determined by this court adversely to the contention of the plaintiff in error.

No reversible error appearing, the judgment of the trial court is affirmed.

FURMAN, P. J., and DOYLE, J., concur.